| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Joseph S. Maniscalco, Esq.<br>Holly R. Holecek, Esq.<br>*Counsel to Plaintiff Marianne T. O'Toole, as Trustee* | Hearing Date: February 19, 2016 at 11:00 a.m.<br>Objection Deadline: February 12, 2016 by 5:00 p.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| INNOVEST HOLDINGS, LLC, | Case No.: 13-22748 (RDD) |
| Debtor. | |

------------------------------------------------------------------x
MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE
OF THE ESTATE OF INNOVEST HOLDINGS, LLC,

              Plaintiff,

     -against-

JERZY MENDELKA, JM PROPERTY SP. Z O.O. SP.
K., RYNA CAPITAL, INC., JM INWEST SP. Z O.O.,
ADEX-COSMETICS, Z.P., and MOJEZAPACHY.pl,
JOHN DOE "1" THROUGH "100", JANE DOE "1"
THROUGH "100", JOHN DOE CORPORATIONS "1"
THROUGH "100", and OTHER JOHN DOE
ENTITIES "1" THROUGH "100",

              Defendants.

Adv. Pro. No.:  15-08228 (SHL)

------------------------------------------------------------------x

**NOTICE OF HEARING ON PLAINTIFF'S MOTION FOR: (I) ENTRY OF
CERTIFICATES OF DEFAULT AGAINST CORPORATE DEFENDANTS JM
PROPERTY SP. Z O.O. SP. K. AND JM INWEST SP. Z O.O.;
<u>AND (II) RELATED RELIEF</u>**

      **PLEASE TAKE FURTHER NOTICE** that, in accordance with Local Bankruptcy

Rules for the Southern District of New York 9006-1(b), a hearing will be held on **February 19,**

**2016 at 11:00 a.m.**, or as soon thereafter as counsel can be heard, before the Honorable Sean H.

Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas

Street, White Plains, New York 10601, to consider the motion (the "<u>Motion</u>") of plaintiff

1

Marianne T. O'Toole, the Chapter 7 Trustee of the Estate of Innovest Holdings, LLC, by her counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order: (i) directing the Clerk of the Court to issue certificates of default against *pro se* corporate defendants JM Property SP. Z.O.O. SP. K. and JM Inwest SP. Z.O.O.; and (ii) granting the Trustee such other relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, conform with Chapter 11 of Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Bankruptcy Court no later than **February 12, 2016 by 5:00 p.m.** as follows: (I) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at http://www.nysb.uscourts.gov/, in portable document format (PDF) using Adobe Exchange software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF form on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection referred and the file name on the outside of the envelope.

Dated: January 5, 2016
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                              Counsel to the Plaintiff Marianne T. O'Toole, as Chapter 7
                                              Trustee of the Estate of Innovest Holdings, LLC

                            By:    *s/ Joseph S. Maniscalco*
                                    Joseph S. Maniscalco, Esq.
                                    Holly R. Holecek, Esq.
                                    3305 Jerusalem Avenue
                                    Wantagh, New York 11793
                                    Telephone (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Joseph S. Maniscalco, Esq.
Holly R. Holecek, Esq.
*Counsel to Plaintiff Marianne T. O'Toole, as Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| INNOVEST HOLDINGS, LLC, | Case No.: 13-22748 (RDD) |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, CHAPTER 7 TRUSTEE OF THE ESTATE OF INNOVEST HOLDINGS, LLC, | Adv. Pro. No.:  15-08228 (SHL) |
| Plaintiff, | |
| -against- | |
| JERZY MENDELKA, JM PROPERTY SP. Z O.O. SP. K., RYNA CAPITAL, INC., JM INWEST SP. Z O.O., ADEX-COSMETICS, Z.P., and MOJEZAPACHY.pl, JOHN DOE "1" THROUGH "100", JANE DOE "1" THROUGH "100", JOHN DOE CORPORATIONS "1" THROUGH "100", and OTHER JOHN DOE ENTITIES "1" THROUGH "100", | |
| Defendants. | |

-------------------------------------------------------------------x

**PLAINTIFF'S MOTION FOR: (I) ENTRY OF CERTIFICATES OF DEFAULT AGAINST CORPORATE DEFENDANTS JM PROPERTY SP. Z O.O. SP. K. AND JM INWEST SP. Z O.O.; AND (II) RELATED RELIEF**

Plaintiff Marianne T. O'Toole (the "Plaintiff" or "Trustee"), as Chapter 7 Trustee of the estate of Innovest Holdings, LLC (the "Debtor"), by her undersigned counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "Motion") seeking entry of an Order: (i) directing the Clerk of the Court to issue certificates of default against *pro se* corporate defendants JM Property SP. Z.O.O. SP. K. ("JM Property") and JM Inwest SP. Z.O.O. ("JM Inwest"); and (ii)

1

granting the Trustee such other relief as the Court may deem just and proper. In support of the Motion, the Trustee respectfully sets forth as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein include 11 U.S.C. §§ 105(a) and 502 (the "Bankruptcy Code"), Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 7055-1 and 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

## BACKGROUND

4. On May 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate and, by operation of law, she is the permanent Chapter 7 Trustee of the Debtor's estate.

5. On or about September 24, 2013 defendant JM Property filed a pre-petition proof of claim in the amount of $3,000,000.00 against the Debtor's estate, which claim was assigned claim number 14-1 ("Claim 14") by the Clerk of the Court.

6. On August 15, 2013, the Plaintiff commenced this adversary proceeding against, inter alia, corporate defendants JM Property and JM Inwest by filing the complaint (the "Complaint") that is **Exhibit A**.

7. By the Trustee's fourteenth through twenty-sixth claims for relief in the Complaint, the Trustee seeks to recover transfers made by the Debtor to corporate defendant JM

2

Inwest within both two (2) years of the Petition Date and six (6) years of the Petition Date. Specifically, the Complaint alleges that within six (6) years of the Petition Date, the Debtor made transfers to JM Inwest of not less than $12,514,168.72 (the "JM Inwest Transfers"). See Exhibit A, Complaint at 10 at ¶ 74. Of the JM Inwest Transfers, transfers totaling not less than $5,213,225.62 were made within two (2) years of the Petition Date. See id. at 24-25.

8.  By the Complaint, the Trustee also seeks a judgment against, inter alia, corporate defendants JM Inwest and JM Property declaring that, as of the Petition Date, the Debtor was the equitable owner of certain transfers, advances and real property, as well as any and all property purchased, preserved and/or enhanced by, inter alia, corporate defendants JM Inwest and JM Property and imposing an equitable lien upon such property. See Exhibit A, Complaint at 52-55, ¶¶ 411-431.

9.  On June 3, 2015, the Clerk of the Court issued a *Summons and Notice of Pretrial Conference in an Adversary Proceeding* (the "Summons"). See Dkt. No. 7.

10. On July 31, 2015, a document titled *Reply to the Statement of Claim* dated July 14, 2015 was docketed by the Clerk of the Court in the Debtor's main case (the "*Pro Se* Reply") [Case No. 13-22748, Dkt. No. 177], a copy of which is annexed as **Exhibit B** (without exhibits). The *Pro Se* Reply was submitted by Jerzy Mendelka in a purported reply to the Complaint.

11. By Order dated September 18, 2015 [Dkt. No. 14], the Court extended the Trustee's motion time to effectuate service on, inter alia, corporate defendants JM Property and JM Inwest to December 31, 2015.

12. On October 14, 2015 a letter dated October 6, 2015 was docketed by the Clerk of the Court in this case [Dkt. No. 15]. The letter was signed by Jerzy Mendelka and, inter alia, references the *Pro Se* Reply in purported further response to the Complaint.

3

13. On November 5, 2015, proof of service of the Summons and Complaint on corporate defendant JM Inwest was docketed with the Court [Dkt. No. 17], a copy of which is annexed as **Exhibit C**. On June 22, 2015, corporate defendant JM Inwest was served with a copy of the Summons and Complaint in accordance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (Done at The Hague November 15, 1965) (Entered Into Force for the U.S. on February 10, 1969) (the "Hague Convention"). See **Exhibit C**.

14. On November 5, 2015, proof of service of the Summons and Complaint on corporate defendant JM Property was docketed with the Court [Dkt. No. 18], a copy of which is annexed as **Exhibit D**. On June 22, 2015, defendant JM Property was served with a copy of the Summons and Complaint in accordance with the Hague Convention. See **Exhibit D**.

15. On November 10, 2015, a second letter dated November 4, 2015 was docketed by the Clerk of the Court in this case [Dkt. No. 19]. The letter was signed by Jerzy Mendelka and, inter alia, references the *Pro Se* Reply in purported further response to the Complaint.

16. On November 23, 2015, a third letter dated November 23, 2015 was docketed by the Clerk of the Court in this case [Dkt. No. 20]. The letter was signed by Jerzy Mendelka in purported further response to, inter alia, the Complaint.

17. On November 23, 2015, a fourth letter dated November 23, 2015 was docketed by the Clerk of the Court in this case [Dkt. No. 21]. The letter was signed by Jerzy Mendelka respecting the service of the *Pro Se* Reply. In the letter, Mr. Mendelka requests "an opportunity to appear before the Court personally." See Dkt. No. 21.

18. Despite proper service of the Summons and Complaint more than five (5) months ago, corporate defendants JM Inwest and JM Property failed to properly answer the Complaint or otherwise appear in this adversary proceeding.

4

19. A pre-trial conference in this adversary proceeding was held on November 6, 2015, notice of which was provided to Jerzy Mendelka and defendant JM Inwest by e-mail and first class mail on September 16, 2015. See Dkt. No. 13. Corporate defendants JM Inwest and JM Property failed to appear at the pre-trial conference.

## RELIEF REQUESTED AND BASIS FOR RELIEF

20. By this Motion, the Plaintiff seeks the entry of an Order: (i) directing the Clerk of the Court to issue certificates of default against corporate defendants JM Property and JM Inwest; and (ii) granting the Trustee such other relief as the Court may deem just and proper. Annexed as **Exhibit E** is the affirmation of Joseph S. Maniscalco, Esq. in support of this Motion (the "Affirmation").

21. Federal Rule of Civil Procedure 55, made applicable hereto by Bankruptcy Rule 7055(a), states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

22. Local Rule 7055-1 provides that:

A party applying for a certificate of default from the Clerk pursuant to Bankruptcy Rule 7055 shall submit an affidavit, together with proof of service, showing that (i) the party against whom a default is sought is not an infant, in the military, or an incompetent person, (ii) the party has failed to plead or otherwise defend the action, and (iii) the pleading to which no response has been made was properly served.

23. Once a default has been entered, if the damages sought are for a sum certain or a sum which can, by computation, be made certain, "the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." FED. R. CIV. P. 55(b)(1).

5

24. A corporation may only appear through licensed counsel in the federal courts. See Rowland v. California Men's Colony, 506 U.S. 194, 201-202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). See also Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 192 (2d Cir. 2006) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney"); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("[A] corporation, which is an artificial entity that can only act through agents, cannot proceed pro se"). The bar on *pro se* representation extends to closely-held corporations. See Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (citations omitted) (explaining that the rational "applies equally to all artificial entities," whether partnerships or single shareholder corporations). Courts have applied this rule to dismiss any action or motion filed by a corporation purporting to act *pro se*. See, e.g., Grace v. Rosenstock, 2004 U.S. Dist. LEXIS 29654 (E.D.N.Y. Oct. 4, 2004); Batac Dev. Corp. v. B & R Consultants, Inc., 2000 U.S. Dist. LEXIS 3695, No. 98-CV-721, 2000 WL 307400 (S.D.N.Y. 2000).

25. As set forth herein and in the Affirmation annexed as **Exhibit E**: (a) corporate defendants JM Property and JM Inwest are not infants, in the military or incompetent persons; (b) corporate defendants JM Property and JM Inwest have failed to plead or otherwise defend the action; and (c) the Summons and Complaint were properly served on corporate defendants JM Property and JM Inwest in accordance with the Hague Convention.

26. Accordingly, the Court should direct the Clerk of the Court to enter certificates of default against corporate defendants JM Property and JM Inwest in accordance with Local Rule 7055-1.

27. To the extent that the *Pro Se* Reply or the letters of Jerzy Mendelka [Dkt. Nos. 15, 19, 20, 21] are construed as pleadings responding to the Complaint by corporate defendants JM Property and JM Inwest, they are *void ab initio*. Jerzy Mendelka submitted the *Pro Se* Reply and

6

each of the letters in his individual capacity and, upon information and belief, is not an attorney duly admitted to practice law in the United States and/or before this Court. As reflected on the docket sheet in this adversary proceeding, no attorney has appeared on behalf of the corporate defendants JM Property or JM Inwest who, under well-settled law, may not appear *pro se* in this Court.

28. In the alternative, and in the interests of judicial economy, corporate defendants JM Property and JM Inwest should be directed to appear through counsel and respond to the Complaint by a date certain. The Trustee proposes that such a date be not more than fourteen (14) days following the hearing on the instant Motion as service was properly effectuated on corporate defendants JM Property and JM Inwest more than six months ago in June 2015.

## NOTICE AND NO PRIOR REQUEST

11   Notice of this Motion is being simultaneously given to defendants JM Property and JM Inwest.

12   The Plaintiff has not previously sought the relief requested herein from this or any other Court.

**WHEREFORE**, the Plaintiff respectfully requests that the relief requested herein be granted, together with such other and further relief as is just and proper.

Dated: January 5, 2016
    Wantagh, New York    **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to the Plaintiff Marianne T. O'Toole, as Chapter 7
                                        Trustee of the Estate of Innovest Holdings, LLC

                      By:    *s/ Joseph S. Maniscalco*
                              Joseph S. Maniscalco, Esq.
                              Holly R. Holecek, Esq.
                              3305 Jerusalem Avenue
                              Wantagh, New York 11793
                              Telephone (516) 826-6500