Warsaw, 8 March 2016

Jerzy Mendelka

**J.M. Inwest Sp. z o.o.**

**Bychowska 57**

**00-536 Warszawa**

*address for service:*

**Grzybowska 45**

**00-844 Warszawa**



**Hon. Judge Sean H. Lane**

**United States Bankruptcy Court**

**Southern District of New York**

**One Bowling Green New York**

**New York 10004-1408**

**Adversary Proceedings No. 15-08228 (SHL)**

**Case number 13-22748 (RDD)**

### Request for a Court-Appointed Attorney

Honourable Judge,

In connection with the order issued by you on 8 March 2016, indicating that the Companies represented by me may not appear before the Bankruptcy Court otherwise than through a licensed attorney, **I hereby submit a request for a Court-Appointed Attorney to represent J.M. Inwest Sp. z o.o.**

### Statement of Reasons

The Company represented by me, J.M. Inwest Sp. z o.o., does not have sufficient funds to pay for the fees related to the retention of an attorney. Legal offices contacted by the Defendant request fees amounting to approximately USD 20-30 thousand to cover the costs of

1

the proceedings. The defendant, J.M. Inwest Sp. z o.o., does not have such funds, which is due to the fact that Roman Śledziejowski unlawfully transferred from its account with PENSON, by forging Mr. Mendelka's signature, approx. USD 17 million, thus putting the Company on the brink of bankruptcy. Moreover, the Trustee, Marianne O'Toole, by distorting facts and using false evidence and innuendos, made Jerzy Mendelka and J.M. Inwest - the victims of the criminal offence committed by Roman Śledziejowski, look like accomplices, using a forged loan and promissory note agreement. Thus, it seems rather difficult to believe that in the country which claims to be a bastion of democracy and social justice, an innocent party would be presented with unsubstantiated allegations and accusations, and would not be able to defend its own rights simply because it cannot afford it, and would have to pay an attorney to do it on its behalf. What is the difference between the words and arguments stated by Jerzy Mendelka as an individual in his reply to the claim, and the words and arguments used by him as the President of the Management Board of J.M. Inwest Sp. z o.o.? These words and arguments are expressed by all the defendants. Therefore, differentiating between their legal status, depending on whether we are dealing with a natural person or a company, is grossly unfair. However, should the Court uphold its decision regarding the representation of J.M. Inwest by a licensed attorney, **I hereby once again submit a request for a Court-Appointed Attorney and deferral of the case in order to allow such an attorney to familiarise themselves with the case files.**

Furthermore, Jerzy Mendelka, as a natural person, requests to be questioned during a conference call and notified of the dates of the hearings by letter addressed to

Jerzy Mendelka

Bychowska 57

04 – 536 Warszawa, POLAND

2

Warsaw, 9 March 2016

Jerzy Mendelka

Bychowska 57

00-536 Warszawa



Hon. Judge Sean H. Lane

United States Bankruptcy Court

Southern District of New York

One Bowling Green New York

New York 10004-1408

**Adversary Proceedings No. 15-08228 (SHL)**

**Case number 13-22748 (RDD)**

## CASE LETTER

Honourable Judge,

As a natural person and a defendant in the aforementioned case, I kindly request to be provided with the information whether or not the Court ordered the Trustee of the Estate, Marianne O'Toole, and her attorneys to submit to this Court an original copy of the loan and promissory note agreement, allegedly concluded by me with Roman Śledziejowski and dated 14 April 2009. In the event that the Court has not ordered the same, please regard this letter as a confirmatory request by Jerzy Mendelka, as an individual, to order the Trustee of the Estate, Marianne O'Toole, and her attorneys, to submit to this Court an original copy of the loan and promissory note agreement, allegedly concluded by me with Roman Śledziejowski on 14 April 2009. The foregoing is necessary in order to enable an expert in graphology to compare the handwriting of Jerzy Mendelka with the specimen allegedly constituting his signature and appearing under the forged agreement. Our numerous letters requesting the production of the original copy of the said document, addressed directly to Ms Marianne O'Toole and her attorneys, did not bring about the desired effect. Hence, an intervention of this Court has become necessary.

1

Jerzy Mendelka is of the opinion that both the Claimant and its counsels have remained indifferent to the requests for the production of the original copy of the loan and promissory note agreement allegedly concluded between the parties for one simple reason: such an original agreement does not exist and the copy used by the Trustee has been fabricated by Roman Śledziejowski for the purposes of these proceedings. Furthermore, the Trustee uses the copy as the basis for innuendos and groundless accusations against Jerzy Mendelka and the Companies represented by him. This state of affairs should not be accepted by the Court, regardless of whether the Defendants, in defending their rights, are acting through a licensed attorney or per se. Accordingly, in the event that the Trustee fails to submit the original copy of the alleged loan and promissory note agreement within the deadline designated by this Court, Jerzy Mendelka kindly requests the Court to notify the relevant prosecutor of an offence committed by the Trustee in Bankruptcy involving the use, in legal transactions, of a forged document. In addition, Jerzy Mendelka requests the Court to withdraw the forged loan agreement, including the promissory note, from legal considerations. Moreover, Jerzy Mendelka requests to be immediately provided with a copy of such notice (for information purposes only). Taking into account the foregoing requests is necessary because due to Jerzy Mendelka's absence at the last hearing, for health reasons, there are reasonable fears that the Court will enter a default judgment on the basis of forged documents.

Furthermore, Jerzy Mendelka, as a natural person, requests that any correspondence be sent to the following address:

Bychowska 57; 04-536 Warszawa, POLAND, and the following email address: jm@jmhotels.pl

*JERZY MENDELKA*

*[signature]*

2